(Court of Appeal, Parish of Orleans.)

# IN THE MATTER OF JOHN F. LINDNER, PRAYING FOR POSSESSION.

1. Where both the consonant and the vowel of the last sylable of the name in the assessment, to-wit: "e-s," are different from those in the correct name, to-wit: "O-t," the rule of "idem sonans" does not apply, and hence an assessment in the name of Ribes is insufficient in law to hold for taxation property belonging to Ribot.

2. The estoppel resulting from the revenue acts of 1890 and 1898 is personal to the tax-payer, and cannot be extended to a bona fide purchaser whose rights and obligations are measured by the registry laws.

3. A tax sale of record in the name of Ribes is not notice to one who buys from Ribot, the owner of record and in possession, and who obtains the legal certificate of non-alienation by his vendor.

Appeal from Civil District Court, Division B.

Hy. Chiapella and W. J. Formento, for Plaintiff and Appellee.
Theo. Cotonio, for Defendant and Appellant.

DUFOUR, J.   On November 7th, 1901, Lindner acquired real estate at a tax sale for the city tax of 1898 under an assessment in the name of Widow Francisco Ribes, and on December 29th, 1902, he sued out a writ to place him in possession of the property.

Whereupon he was enjoined by one Almerico, who bought the property on June 18th, 1902, from Widow Ribot; the ower of record since 1877, and who obtained certificates showing that his vendor had never alienated the property and that all the taxes thereon were paid.

Lindner's contention in that his title is good:   1st, because the assessment is good, "Ribes" and "Ribot" being "idem sonans;" 2nd, because, if the assessment be not good, the tax payer is estopped under the revenue acts of 1890 and 1898 from contesting the validity of an assessment, which she made no effort to correct; 3rd, because, Mrs. Ribat had been divested of her title when she sold to Almerico.

Our view, fortified by an examination of several pages (3214 et seg) of illustrations given in Vol. 86 Century Digest, is that, where both the consonant and the vowel of the last syllable of the name in the assessment, to-wit: "e-s" are different from those in the correct name, to-wit: "o-t", the rule of "idem sonans" does not apply, and hence that, in law an assessment in the name of Ribes is insufficent to hold for taxation property belonging to Ribot.

Conceding that the taxpayer is estopped to urge the invalidity of the assessment, we do not think the estoppel applies to an innocent purchaser of property, who is solely guided by the public records.

Here the operation of the tax statutes ceases and the registry laws come into play; no transfer of property, whether by conventional or by tax sale, is binding on bona fide third persons unless registered according to law. A sale of record in the name of Ribes is not notice to one who buys from Ribot the owner of record and in possession and obtains certificates of non-alienation by her, and the purchaser is under no legal obligation to ask for certificates in any other name. "Any other view," as is aptly said by counsel for appellee, "would involve titles to real estate in inextricable confusion."

The District Judge correctly ordered the plaintiff in injuncton to refund the tax and costs of sale paid by Lindner, but no reason is assigned why all costs below should not have been paid by the latter, against whom the injunction was perpetuated.

Judgment amended by charging all costs of lower Court to John F. Lindner, and, as amended, affirmed.

November 23, 1903.

Rehearing refused December 7th, 1903.

Writ refused by Supreme Court January 26th, 1904.